# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

BRIAN MANN,

        Plaintiff,

        v.                                          Case No. 07-CV-1143

MICHAEL J. ASTRUE,
Commissioner for Social Security Administration,

        Defendant.

_____

## ORDER

On December 21, 2007, plaintiff Brian Mann filed a complaint apparently seeking review pursuant to 42 U.S.C. § 405(g) of the denial of his claim for social security disability benefits and Supplemental Security Income. In connection with his complaint, the plaintiff filed a motion to proceed in forma pauperis.

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action and still be able to provide for "the necessities of life." *Adkins*, 335 U.S. at 339.

The plaintiff's petition for leave to proceed in forma pauperis indicates that the plaintiff is unemployed, has no savings or income, is homeless, and does not own an automobile or other valuable property. Thus, according to the petition, the

plaintiff is unable to pay the $350 filing fee in this action without undue hardship or deprivation of life's necessities. *See Adkins*, 335 U.S. at 339. Accordingly, the court concludes that the plaintiff has demonstrated the requisite financial need to proceed in forma pauperis.

The plaintiff next must demonstrate that his action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993).

Under 42 U.S.C. § 405(g), plaintiff has the right to obtain review of the Social Security Commissioner's decision. The standard of review that the district court is to apply in reviewing the Commissioner's decision is whether the decision is supported by "substantial evidence." 42 U.S.C. § 405(g); *Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). Here, the plaintiff's complaint appears to claim that his civil rights were violated when the Commissioner determined that the plaintiff was not disabled and did not qualify for benefits. Attached to the complaint, the plaintiff submitted a letter dated July 13, 2007, from the Social Security Administration notifying the plaintiff of the Commissioner's decision to deny him benefits and informing the plaintiff of his right to appeal the decision. Although the plaintiff's complaint does not indicate whether he appealed the decision, seeks "damages in the millions," and lacks information that would be useful in determining whether his claim may have merit, the court is obliged to give the plaintiff's pro se allegations,

2

however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Thus, liberally construing his complaint, the court could interpret the plaintiff's complaint to state a claim that the Commissioner's decision regarding the denial of an application for disability insurance benefits or supplemental security income is not supported by substantial evidence, or is contrary to law. Given that the court has not yet had the opportunity to review the evidence or the Commissioner's decision in the plaintiff's case, it would be inappropriate for the court to decide at this early juncture that the plaintiff's claim has no basis in either fact or law. Thus, there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision and the plaintiff's appeal therefore may have merit, as defined by 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket # 2) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 4th day of January, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

3